UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10158-RGS

TROY NOCK

v.

GARY RODEN

MEMORANDUM AND ORDER ON MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

February 18, 2011

STEARNS, D.J.

Having reviewed Magistrate Judge Boal's Report, as well as petitioner's Supplemental Memorandum, I agree with her Recommendation and will dismiss the petition. The only issue of true constitutional substance raised by the petition is whether the admission at trial of the hearsay statements of petitioner's wife violated the Confrontation Clause of the Sixth Amendment as refined by *Crawford v. Washington*, 541 U.S. 36 (2004). In this respect, I agree with the Magistrate Judge that the state court correctly applied the Supreme Court's holding in *Davis v. Washington*, 547 U.S. 813 (2006).[1]

---

[1] I will assume as did the Magistrate Judge that the procedural default rule does not apply despite counsel's failure to object to the admission of the statements at trial, although I do not necessarily agree that such is the case.

In *Davis*, the Court considered two state cases involving the admissibility of spontaneous utterances: *Hammon v. State*, 829 N.E. 2d 444 (Ind. 2005), and *State v. Davis*, 111 P.3d 844 (Wash. 2005) (en banc). In *State v. Davis*, the victim of a domestic disturbance made a frantic 911 call to report that she was being beaten by a former boyfriend. After dispatching officers to the scene, the 911 operator asked the victim questions about the nature of the assault and her assailant's identity. When she subsequently failed to appear at trial, the court admitted a recording of the 911 call into evidence. In *Hammon*, police arrived at the scene of a reported domestic disturbance to find the victim sitting alone on the porch of the house. After seeing damage to the interior of the home, police questioned the woman in her husband's presence. After he several times interrupted the interview, police took the wife to another room in the house. There she gave both an oral statement and a written affidavit accusing her husband of assaulting her. When she eventually failed to appear at trial, a police officer was permitted to testify to her statement and to the authenticity of her affidavit.

The issue in both *Davis* and *Hammon* was whether the oral statements of the alleged victims had been properly admitted under *Crawford* as nontestimonial. In deciding the question, Justice Scalia gave formal definitions of what the Court meant by the terms "nontestimonial" and "testimonial." "Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating

2

that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006).

In applying this test, the Court compared the facts in *Davis* with those in *Crawford,* concluding that the substance of the 911 call had been properly deemed nontestimonial. The victim in *Davis*, in responding to the dispatcher's questions, unlike the victim in *Crawford*, "was speaking about events *as they were actually happening*, rather than 'describ[ing] past events.'" *Id.* at 827, quoting *Lilly v. Virginia*, 527 U.S. 116, 137 (1999). Moreover, the victim's answers to the dispatcher's questions were plainly made in the context of a frantic "call for help against a bona fide physical threat. . . . [T]he nature of what was asked and answered . . . , again viewed objectively, was such that the elicited statements were necessary to be able to *resolve* the present emergency, rather than simply learn (as in *Crawford*) what had happened in the past." *Id.*[2]

---

[2] The decision in *Hammon,* the Court found "a much easier task," as the after-the-fact statements in that case "were not much different from the statements we found to be testimonial in *Crawford*." *Davis v. Washington,* 547 U.S. at 829. There was no ongoing emergency or imminent threat to the person of the victim when police arrived, and "[w]hen the officer questioned [the victim] for the second time, and elicited the

3

The relevant facts of Nock's case, as distilled by the Magistrate Judge from the transcript of the trial, fit squarely into the nontestimonial exception recognized by the Supreme Court in its review of *State v. Davis* for statements elicited by police who are coping with a present emergency rather than developing historical facts for a possible prosecution.[3] Under the circumstances, there is no viable contention that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

ORDER

For the foregoing reasons, the Recommendation of the Magistrate Judge is

---

challenged statements, he was not seeking to determine (as in *Davis*) 'what is happening,' but rather 'what happened.' Objectively viewed, the primary, if not indeed the sole, purpose of the interrogation was to investigate a possible crime – which is, of course, precisely what the officer *should* have done." *Id.* at 830.

[3]As summarized by Magistrate Judge Boal on her review of the *voir dire* testimony of the Randolph police officer who related the wife's statements at trial: "[O]n December 31, 2000, [Officer McSweeney] responded to a 911 call placed by [Nock's] wife. Upon arriving at the scene, he found the defendant and his wife in a hallway, 'yelling and screaming at each other.' [Nock's] wife was hysterical. The officer took (sic) her aside and asked, '[W]hy was she so upset? [W]hat's going on? Why were we called?' The wife, still screaming, yelling, and crying, told the officer that [Nock] had been missing for four days and had taken her car, that he had become upset when he returned and found that she had changed the locks, and that the car was missing." M.J. R & R at 7 n.7 (internal citations omitted).

ADOPTED. The petition is DISMISSED with prejudice. The Clerk will enter the Order of Dismissal and close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE